Jonathan A. Dessaules, State Bar No. 019439
Rachel W. Maron, State Bar No. 016080
**DESSAULES LAW GROUP**
5353 North 16th Street, Suite 110
Phoenix, Arizona 85016
Tel. 602.274.5400
Fax 602.274.5401
jdessaules@dessauleslaw.com
rmaron@dessauleslaw.com

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Megan Torrie,<br><br>          Plaintiffs,<br><br>     vs.<br><br>Goodman Law Offices, P.C.; Clint Goodman and Jane Doe Goodman, husband and wife,<br><br>          Defendants. | No.<br><br>**COMPLAINT** |

Plaintiff Megan Torrie make the following allegations for her Complaint against Defendants in this matter:

**PARTIES AND JURISDICTION**

1.     Plaintiff Megan Torrie ("Torrie") is a resident of Arizona.

2.     Defendant Goodman Law Offices, P.C., is an Arizona law firm regularly engaged as a "debt collector" as that term is defined in the Fair Debt Collection Practices Act.

3.     Defendants Clint Goodman ("Goodman") is a resident of Arizona. Defendant Goodman is an Arizona lawyer regularly engaged as a "debt collector" as that term is defined in the Fair Debt Collection Practices Act. At all relevant times, Defendant Goodman acted on behalf of the marital community and his spouse, Jane Doe Goodman, is named herein on that basis. Torrie will amend the Complaint when the true name of Jane Doe Goodman is ascertained.

4. This is an action brought pursuant to the Fair Debt Collection Practices Act (the "Act"), 15 U.S.C. § 1692, *et seq*. At all relevant times, Torrie was a "consumer" within the meaning of the Act and Defendants were "debt collectors" within the meaning of the Act.

5. Defendants are present in Arizona and/or caused events to occur and committed actions in Maricopa County, Arizona, which are the subject of this Complaint.

6. Jurisdiction exists pursuant to 28 U.S.C. § 1331.

7. Jurisdiction and venue are proper in this Court.

## GENERAL ALLEGATIONS

8. At all relevant times, Defendants represented Continental Ranch Community Association, Inc. ("Continental Ranch") with respect to the collection of debts that Torrie allegedly owed to Continental Ranch.

9. Defendants represented Continental Ranch in connection with a lawsuit against Plaintiffs commenced in the Pima County Justice Court, captioned *Continental Ranch Ranch Homeowners Association v. Meg Torrie*, Case No. CV11009025 (the "First Lawsuit"). The First Lawsuit sought to recover all unpaid assessments owed by Torrie to Continental Ranch.

10. On or about September 9, 2011, Defendants obtained a default judgment in the First Lawsuit (the "First Judgment"). A true and correct copy of the First Judgment is attached as Exhibit 1.

11. Upon information and belief, Defendants drafted the First Judgment and submitted it to the Court on an ex parte basis.

12. The First Judgment awarded Defendants' client, Continental Ranch, the total sum of $1,406.36, which consisted past due assessments totaling $699.86, costs of $356.50, and attorneys' fees of $350.00. The First Judgment also purported to award Defendants' client, Continental Ranch, ongoing assessments, late fees, and interest thereon at the rate of 10% per annum from the date of this Judgment until paid. The First Judgment further purported to award

"all reasonable Attorneys' Fees and Costs incurred by [Continental Ranch] after entry of this Judgment in collecting the amounts listed in this Judgment."

13. Under Arizona law, a debt reduced to a judgment merges with the judgment and ceases to exist as an independent obligation. *See Midyett v. Rennat Properties, Inc.*, 171 Ariz. 492, 493, 831 P.2d 868, 869 (Ct. App. 1992).

14. On or about May 23, 2012, Defendants filed an unqualified and unconditional Satisfaction of Judgment in the First Lawsuit, stating the First Judgment "has been satisfied." A true and correct copy of the Satisfaction of Judgment is attached as Exhibit 2.

15. At the time that Defendants filed the Satisfaction of Judgment, Defendants contended that Torrie owed $1,026.86 in assessments and late fees that were included in the First Judgment pursuant to its language.

16. Under Arizona law, a satisfaction of judgment "operates as an extinguishment of the debt and a bar to further proceedings." *W.F. Connelly Const. Co. v. L. Harvey Concrete, Inc.*, 162 Ariz. 574, 577, 785 P.2d 94, 97 (Ct. App. 1989) (quoting 49 C.J.S. Judgments § 583 at 1066 (1947)).

17. Torrie's assessments were due on a semi-annual basis in the amount of $148.50. Consequently, Torrie as of January 2013 only owed, at most, just the November 1, 2012 assessment and the November 16, 2012 late fee for a total of $163.50.

18. On January 8, 2013, Defendants filed a second lawsuit against Torrie entitled *Continental Ranch Ranch Homeowners Association v. Megan Torrie*, C20130088 (the "Second Lawsuit"), alleging that Torrie owed $1,190.36 in assessments and other amounts subject to the Continental Ranch's lien. The amount sought in the Second Lawsuit included assessments, late fees, attorneys' fees, and costs previously awarded in the First Judgment.

19. The Second Lawsuit also sought to foreclose Continental Ranch's assessment lien on the basis that Torrie owed assessments for more than one year.

20. Defendants failed to properly serve Torrie with the Second Lawsuit.

3

1  21. After failing to properly serve Torrie with the Second Lawsuit, Defendants filed a
2  Motion for Default Judgment declaring that "Defendants are liable to Plaintiffs for $1,190.36."

3  22. Defendants purported to obtain a Default Judgment and Decree of Foreclosure and
4  Order of Sale in the Second Lawsuit on or about April 11, 2013 for $1,190.36 in principal (the
5  "Second Judgment").

6  23. The Second Judgment was subsequently set aside due to improper service.

7  24. Defendants actions, as alleged above, violate the Fair Debt Collection Practices
8  Act. Specifically, but without limitation, Defendants falsely represented on at least one occasion
9  the character, amount, and legal status of an alleged debt in violation of 15 U.S.C. § 1692e and
10 otherwise used false, deceptive and/or misleading representations in connection with collection
11 of an alleged debt in violation of 15 U.S.C. § 1692e as alleged above.

12 25. Defendants have used unfair and unconscionable means to attempt to collect an
13 alleged debt in violation of 15 U.S.C. § 1692f for the conduct alleged above.

14 26. Specifcally, but without limitation, Defendants have violated the Fair Debt
15 Collection Practices Act by, among other things, commencing a lawsuit to recover a debt that
16 included amounts previously reduced to judgment, commencing a lawsuit to recover a debt that
17 included amounts previously extinguished, falsely alleging that Torrie owed $2,479.91 when
18 this amount included attorneys' fees and costs that had been awarded, misrepresenting the debt
19 balance in the Second Lawsuit; and failing to provide a dunning notice.

20 27. Plaintiffs are entitled to statutory damages under the Act as well as their actual
21 damages, which include but are not limited to (a) the attorneys' fees and costs she incurred,
22 (c) her actual damages for the mental and emotional distress, stress, aggravation and anxiety,
23 and (d) physical manifestations of mental and emotional distress, (e) damage to her reputation,
24 and (f) other damages to which they are entitled by law.

25 28. Torrie is entitled to an award of attorneys' fees pursuant to 15 U.S.C. § 1692k.

26 WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

(A) For her actual damages in an amount proven at trial, including but not limited to damages for emotional distress, anxiety, and attorneys' fees incurred in the underlying action; compensatory damages and punitive damages; and all other damages as permitted by applicable law.

(B) For the maximum amount of statutory damages available under the Fair Debt Collection Practices Act.

(C) For an award of attorneys' fees and costs of this action.

(D) For all other damages available at law as discovery may reveal.

(E) Such other and further relief as the Court deems just and proper.

DATED this 31st day of December 2013.

                    DESSAULES LAW GROUP

By:   /s/ Jonathan A. Dessaules (#019439)
       Jonathan A. Dessaules
       Rachel W. Maron
       *Attorneys for Plaintiffs*

5