**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Megan Torrie, | No. CV-13-02659-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Goodman Law Offices PC, et al., | |
| Defendants. | |

Plaintiff has filed a motion to amend her complaint. Doc. 32. Plaintiff seeks to include additional claims for violations of the Fair Debt Collection Practices Act ("FDCPA"). Specifically, Plaintiff alleges that Defendants inflated and misrepresented their fees and costs in connection with debt-collection activity. *See* Doc. 32-1 at 5-6.

This is not the first time Plaintiff has attempted to amend her complaint to include claims of this nature. On October 2, 2014, after the briefing for Defendants' motion for summary judgment had been completed, Plaintiff filed a "motion to supplement" her response to include these claims. *See* Doc. 27. In its summary judgment ruling, the Court stated:

> On October 2, 2014, Plaintiff moved to supplement her response to include an additional claim under the FDCPA. Doc. 27. Specifically, Plaintiff claims that Defendants violated § 1692e(2) because they "falsely inflated their attorneys' fees and costs in connection with the default judgment they obtained" in the 2013 foreclosure action. *Id.* at 1. Plaintiff has submitted court documents showing that Defendants may have inflated their fees and costs in connection with the 2013 foreclosure action (Doc. 27 at 32), but her complaint does not allege that Defendants fabricated or inflated their attorneys' fees and costs. . . . The Court, therefore, will treat Plaintiff's motion to supplement as a motion to amend her complaint.

> On July 11, 2014, the Court entered a Case Management Order. Doc. 14. This order stated that the "deadline for . . . amending pleadings . . . is 60 days from the date of this Order." *Id.* Plaintiff filed her motion to supplement on October 2, more than eighty days later. Doc. 27. Under the Federal Rules of Civil Procedure, a case management schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). . . .
>
> Plaintiff's motion does not address Rule 16(b)(4) or the good cause standard. Nor does it explain her lack of diligence in raising this new claim. The relevant documents supporting Plaintiff's new claim were most likely on file at Pima County's Superior Court, or at the very least in the possession of Defendants. Doc. 27 at 15. Thus, they were readily available for Plaintiff's discovery from the inception of this case. The Court concludes that Plaintiff has not shown good cause to extend the deadline for amending pleadings and will deny her request to add a new claim[.].

Doc. 31 at 10-11.

Plaintiff argues that the Court was incorrect in concluding that "the relevant documents supporting Plaintiff's new claim were most likely on file at Pima County's Superior Court." Doc. 31 at 11. Plaintiff asserts that a key document – Defendants' March 2013 fee application – was not on file with the Superior Court. Rather, Plaintiff did not receive this document until Defendants responded to Plaintiff's motion to supplement on October 20, 2014.

The Court is not persuaded. Plaintiff's initial complaint in this case, filed more than one year ago, was based in substantial part on a "Second Lawsuit" that Defendants filed against her in Pima County Superior Court, and in which Defendants purported to obtain a default judgment. Doc. 1 at 3-4. Plaintiff's amended complaint, filed more than ten months ago, noted that the default judgment in the Second Lawsuit included $1,423.05 in attorneys' fees. Doc. 6 at 4. In both complaints, Plaintiff alleged various FDCPA violations arising from the Second Lawsuit.

When Plaintiff sought in October 2014 to add new FDCPA claims to this case, she based the new claims on the Second Lawsuit and her new allegation that the attorneys' fees obtained in the April 2013 default judgment were overstated. Plaintiff claimed that a fee application filed in the Second Lawsuit on November 11, 2013, showed that Defendants had overstated their fees. Doc. 27. This fee application was found by

Plaintiff in the court file for the Second Lawsuit. Indeed, Plaintiff argued that her new FDCPA claims were "[b]ased solely on Defendants' own pleadings in the underlying matter" – the Second Lawsuit. *Id.* at 3.

Thus, the fee discrepancies Plaintiff asserted in October, and now asserts again, were evidenced in the court file for the Second Lawsuit – a lawsuit that has been a primary basis for her FDCPA claims from the beginning of this case. The Court cannot conclude that Plaintiff was diligent in finding this fee discrepancy when its evidence was found in the file of the very case upon which she has sued. Plaintiff asserts that she subsequently obtained a second fee application dated March 2013 that was not included in the file of the Second Lawsuit, but if Plaintiff had discovered the alleged fee discrepancy through reasonable diligence in reviewing the court file, she would have had ample reason to conduct discovery into the attorneys' fees sought by Defendants in the Second Lawsuit.

The amendment deadline in this case may be extended upon a showing of "good cause." Fed. R. Civ. P. 16(b)(4). This good cause standard primarily considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)).

The Court again concludes that Plaintiff has failed to show that the deadline for amending pleadings could not have been satisfied through reasonable diligence. Because Plaintiff has failed to show good cause, the Court will deny her motion.

**IT IS ORDERED** that Plaintiff's motion to amend (Doc. 32) is **denied.**

Dated this 5th day of February, 2015.

David G. Campbell
United States District Judge

- 3 -